UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK D. WILSON,

        *Plaintiff*,

v.

C. STEWART,
and TRINE,

        *Defendants*.
_____/

Case No. 1:25-cv-10483

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 20)

This is a prisoner civil rights action. Before the Court is Plaintiff's motion to strike defense counsel's notice of appearance. (ECF No. 20). For the reasons explained below, this motion will be **DENIED**.

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10–13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading

1

in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation omitted). A court's ruling on a motion to strike is "wholly discretionary." *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2; *see also Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) (explaining that Rule 12(f) uses discretionary language).

Plaintiff's motion is not properly brought under Rule 12(f) because an attorney's notice of appearance on behalf of a party is not a pleading. "Pleadings" are defined in Rule 7(a), which provides as follows:

> Only these pleadings are allowed:
>
>   (1) a complaint;
>   (2) an answer to a complaint;
>   (3) an answer to a counterclaim designated as a counterclaim;
>   (4) an answer to a crossclaim;
>   (5) a third-party complaint;
>   (6) an answer to a third-party complaint; and
>   (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). His motion is thus properly denied on this ground alone.

Moreover, defense counsel's appearance is not improper in anyway.  It does not contain "any redundant, immaterial, impertinent, or scandalous matter[,]" Fed. R. Civ. P. 12(f)(2), and it was not filed in violation of any court order.

Plaintiff's contention that counsel must file an appearance within fourteen days of service finds no support in the law.  Neither the Federal nor Local Rules prescribe a deadline for filing an appearance, and under Federal Rule 12(a)(1)(A)(ii), because Defendants filed a timely waiver of service, they had sixty days to respond.  Moreover, under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law."

Defense counsel appeared within sixty days, and pursuant to the Court's August 25, 2025 order, must file a responsive pleading by September 12, 2025.  (ECF No. 18).  At the time of writing, this date had not yet passed, thus Defendants could not have violated any deadlines set by the Court.

For these reasons, Plaintiff's motion to strike defense counsel's notice of appearance (ECF No. 20) is **DENIED**.

   **IT IS SO ORDERED.**

Dated: September 15, 2025                    s/ PATRICIA T. MORRIS
                                             PATRICIA T. MORRIS
                                             United States Magistrate Judge

3