UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK D. WILSON,

    *Plaintiff*,

v.

C. STEWART and TRINE,

    *Defendants*.
_____/

Case No. 1:25-cv-10483

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 21)

I. **RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for default judgment. (ECF No. 21).

II. **REPORT**

    A. **Background**

This is a prisoner civil rights action. Plaintiff, proceeding *pro se*, filed the complaint (ECF No. 1) as well as an application to proceed without prepaying costs (ECF No. 2) on February 19, 2025. Plaintiff's application was granted a week later. (ECF No. 5). On the same day, the District Court referred the case to the *Pro Se* Prisoner Early Mediation Program and stayed proceedings in the meantime. (ECF No. 6). Mediation occurred on May 27, 2025, and did not result in a settlement.

1

Following mediation, the stay was lifted, and the U.S. Marshals Service was directed to effectuate service on Defendants. (ECF No. 10). On June 10, 2025, Plaintiff filed an amended complaint (ECF No. 11); on June 20, the U.S. Marshals Service mailed service documents to Defendants (ECF No. 12); and on July 7, all pretrial matters were referred to the Undersigned (ECF No. 13). Both Defendants executed and returned waivers of service on July 15, 2025. (ECF Nos. 14, 15). On August 19, 2025, counsel filed an appearance on behalf of Defendants. (ECF No. 16). Less than a week later, the Court entered an order requiring Defendants to file a responsive pleading by September 12, 2025. (ECF No. 18).

On September 3, 2025, Plaintiff filed the instant motion for default judgment (ECF No. 21), to which Defendants have filed a response (ECF No. 23). Additionally, Defendants timely filed an answer to the complaint along with affirmative defenses on September 11, 2025. (ECF No. 22).

**B.     Discussion**

Under Federal Rule of Civil Procedure 55, a plaintiff must follow a two-step process to obtain a default judgment against a defendant. Fed. R. Civ. P. 55. First, under subsection (a), a plaintiff must request and obtain the clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), a plaintiff must move for entry of default judgment either by the clerk or the district court. Fed. R. Civ. P. 55(b). Further, the law is clear that the clerk's entry of default under

2

Federal Rule of Civil Procedure 55(a) is a prerequisite to entry of default judgment under Federal Rule of Civil Procedure 55(b).  *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013), *report and recommendation adopted*, 2013 WL 5785776 (E.D. Mich. Oct. 28, 2013); *Colston v. Cramer*, No. 07-CV-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment.").

Plaintiff's motion for default judgment may be appropriately denied on a number of grounds.  First, Plaintiff did not receive the Clerk's entry of default prior to filing the instant motion for default judgment.  Second, Plaintiff is an incarcerated individual, and under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law."  This language has been interpreted to mean that an incarcerated plaintiff is not entitled to default judgment against defendants that have been served but have chosen not to file an answer or otherwise reply to the complaint.  *See, e.g., Searcy v. Macomb Cnty. Jail*, No. 2:10-CV-11242-DT, 2011 WL 7665794, at *1 (E.D. Mich. Sept. 21, 2011) (citing cases), *report and recommendation adopted*, 2012 WL 1230271 (E.D. Mich. Apr. 12, 2012).  Third, Defendants are actively participating in this case as demonstrated by an attorney's appearance on each of their behalf's and their timely

3

filing of an answer and affirmative defenses. Accordingly, Plaintiff's motion for default judgment should be denied.

### C. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **DENY** Plaintiff's motion for default judgment. (ECF No. 21).

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

4

magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 15, 2025

s/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge