# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

PATRICK D. WILSON,                           Case No. 1:25-cv-10483

  *Plaintiff,*

                                              United States District Judge

*v.*

                                              Patricia T. Morris
C. STEWART and TRINE,                         United States Magistrate Judge

  *Defendants.*

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS (ECF Nos. 33, 34, 36)

### I.    Introduction

This is a prisoner civil rights action.  Before the Court are Plaintiff's motions (1) to strike any and all unauthorized medical records (ECF No. 33), (2) to supplement (ECF No. 34), and (3) to ask for assistance (ECF No. 36).[1]  Defendants have filed a response opposing the first and second motions.  (ECF No. 35).  For the reasons explained below, these motions will be **DENIED**.

### II.   Medical Records

The first two motions concern Defendants obtaining Plaintiff's medical records for use in this litigation without first securing his authorization.  (ECF Nos.

---

[1] Also pending is Plaintiff's motion to amend (ECF No. 28), which will be considered after briefing is completed.

33, 34).  In the first motion, Plaintiff moves to strike any and all unauthorized medical records.

As explained in the Court's September 15, 2025 order (ECF No. 24), Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(2).  "Motions to strike are viewed with disfavor and are not frequently granted."  *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Jeeper's of Auburn, Inc. v. KWJB Enters., L.L.C.*, No. 10-13682, 2011 WL 1899195, at *1 (E.D. Mich. Mar. 16, 2011) (explaining that "such motions are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic" (internal quotation marks and citations omitted)), *report and recommendation adopted*, 2011 WL 1899531 (E.D. Mich. May 19, 2011).  "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case."  *G & W Constr. Co.*, 783 F.3d at 569 (internal quotation marks and citation omitted).  A court's ruling on a motion to strike is "wholly discretionary."  *Jeeper's of Auburn, Inc.*, 2011 WL 1899195, at *2; *see also Conocophillips Co. v. Shaffer*, No. 3:05 CV 7131, 2005 WL 2280393, at *2 (N.D. Ohio 2005) (explaining that Rule 12(f) uses discretionary language).

Plaintiff's motion is not properly brought under Rule 12(f) because medical records obtained by a party during the course of discovery are not pleadings. "Pleadings" are defined in Rule 7(a) as follows:

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).  Plaintiff's motion is thus properly denied on this ground alone.

Moreover, Defendants did not obtain the medical records improperly and Plaintiff does not allege that the records contain "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f)(2).

Pursuant to Rule 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).  A prisoner's medical records are indisputably relevant when he brings claims under the Eighth Amendment and federal disability statutes.  *See,*

3

*e.g.*, *Coates v. Jurado*, No. 2:12-CV-15529, 2014 WL 545785, at *3 (E.D. Mich. Feb. 11, 2014) ("The nature of plaintiff's claims—deliberate indifference to his medical needs—makes his entire medical treatment history at the prison relevant."), *objections overruled*, 2015 WL 1540978 (E.D. Mich. Apr. 7, 2015); *McCormick v. Brzezinski*, No. 08-CV-10075, 2008 WL 4965343, at *3 (E.D. Mich. Nov. 18, 2008) ("[G]iven that Plaintiff has put her medical condition at issue in this litigation, Defendants are entitled to discovery regarding Plaintiff's medical condition in order to properly defend this matter."). Thus, Defendants are entitled to copies of Plaintiff's medical records.

Defendants also do not appear to have obtained the records unlawfully. Instead, they say they complied with the applicable Health Insurance Portability and Accountability Act (HIPAA) provision—45 C.F.R. § 164.512(e)(1)—which allows the disclosure of protected health information without the patient's authorization during the course of a lawsuit "if (1) the patient has been given notice of the request for information; or (2) the physician receives 'satisfactory assurance' from the party seeking the information that reasonable efforts have been made to secure a qualified protective order." *Thomas v. 1156729 Ontario Inc.*, 979 F. Supp. 2d 780, 783 (E.D. Mich. 2013). Plaintiff had notice because he received copies of the same records requested by Defendants.

Further, Plaintiff, a Michigan Department of Corrections (MDOC) inmate, is

4

subject to MDOC Policy Directives (PDs), including PD 03.04.108.  In relevant part, PD 03.04.108 ¶ P provides that even in the absence of a signed authorization or court order, "[h]ealth information shall be released to the Department of the Attorney General or to designated staff in the Office of Legal Affairs as necessary for litigation purposes, and to other staff as necessary to monitor compliance with court orders."   (ECF No. 35-1, PageID.162–63).   Accordingly, because Defendants properly obtained Plaintiff's medical records and the records are relevant to this litigation, the Court denies Plaintiff's motion to strike any unauthorized medical records.  (ECF No. 33).

Plaintiff's motion to supplement (ECF No. 34) will likewise be denied.  In this motion, Plaintiff seeks to add a claim for violating his rights under HIPAA against the unknown health unit manager who released his medical records. However, as explained above, no HIPAA violation occurred because Defendants complied with 45 C.F.R. § 164.512(e)(1).   Moreover, HIPAA "does not afford individuals a private right of action." *Pitchford v. Metro Nashville Police Dep't*, No. 3:19-CV-00256, 2021 WL 2474461, at *3 (M.D. Tenn. June 17, 2021) (collecting cases).  Because it is impossible for Plaintiff to state a claim for a HIPAA violation, his motion to supplement (ECF No. 34) is denied.

## III.    **Request for Assistance**

In his third motion, Plaintiff alleges that he has been subject to retaliation

5

following his January 21, 2026 deposition.  (ECF No. 36).  Specifically, Plaintiff

asks "for some kind of protection under The Fourteenth Amendment Clause [sic] to

this United States Constitution." (*Id.* at PageID.165).  Plaintiff says that Defendants

listened in on his deposition without his approval and have been retaliating against

him since.  (*Id.* at PageID.165–66).  The retaliation appears to be interference with

Plaintiff's legal mail.  (*Id.* at PageID.166).  He asks the Court to reconsider its prior

order denying him counsel.  (*Id.*).

Given Plaintiff's use of the word reconsideration, the Court construes this

motion as one for reconsideration of its February 2, 2026 order (ECF No. 31).  Such

motions are governed by Eastern District of Michigan Local Rule 7.1(h)(2), which

provides:

> **Non-Final Orders.**  Motions for reconsideration of non-final orders are disfavored.  They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A)  The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B)  An intervening change in controlling law warrants a different outcome; or
>
> (C)  New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

The most applicable ground here is (C).

In the instant motion, Plaintiff says that new issues with his legal mail have arisen since the Court denied his motion for the appointment of counsel on February 2. However, the Court observes that Plaintiff has filed three motions (including this one) as well as a proposed amended complaint over the course of February, which belies the concern that his legal mail began being tampered with after his January 21 deposition. Thus, Plaintiff's motion to ask for assistance (ECF No. 36) is denied because he has not presented new and *exceptional* reasons warranting the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (holding that appointment of counsel is only justified by exceptional circumstances).

## IV.   Conclusion

For these reasons, Plaintiff's motions (1) to strike any and all unauthorized medical records (ECF No. 33), (2) to supplement (ECF No. 34), and (3) to ask for assistance (ECF No. 36) are hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: March 2, 2026

s/PATRICIA T. MORRIS
PATRICIA T. MORRIS
United States Magistrate Judge

7